UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| ANNETTE C.,[1] | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:23-cv-00094-KMB-TWP |
| | ) | |
| MARTIN O'MALLEY, | ) | |
| | ) | |
| Defendant. | ) | |

### ENTRY REVIEWING THE COMMISSIONER'S DECISION

Plaintiff Annette C. applied for disability insurance benefits from the Social Security Administration ("SSA") on August 20, 2021, alleging an onset date of January 8, 2020. [Dkt. 10-2 at 20.] She later amended the onset date to July 7, 2011. [*Id.*] Administrative Law Judge Thuy-Anh Nguyen (the "ALJ") issued a decision on November 22, 2022, concluding that Annette was not disabled and therefore not entitled to receive the requested benefits. [*Id.* at 32.] The Appeals Council denied her request for review on April 18, 2023. [*Id.* at 29.] On June 8, 2023, Annette timely filed this civil action asking the court to review the denial of benefits according to 42 U.S.C. § 405(g). [Dkt. 1.]

Annette has filed a brief supporting her request, [dkt. 12], and the Commissioner has filed a response brief supporting the ALJ's decision, [dkt. 14]. Annette did not file a reply brief, and the time to do so has passed. For the reasons explained herein, the Court reverses the Commissioner's

---

[1] To protect the privacy interests of claimants for Social Security benefits, and consistent with the recommendation of the Court Administration and Case Management Committee of the Administrative Office of the United States Courts, the Southern District of Indiana has opted to use only the first names and last initials of non-governmental parties in its Social Security judicial review opinions.

decision denying Annette benefits and remands this case to the Social Security Administration for further proceedings.

## I.     STANDARD OF REVIEW

"The Social Security Administration (SSA) provides benefits to individuals who cannot obtain work because of a physical or mental disability." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1151 (2019).  Disability is the inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." *Stephens v. Berryhill*, 888 F.3d 323, 327 (7th Cir. 2018) (citing 42 U.S.C. § 423(d)(1)(A)).

When an applicant appeals an adverse benefits decision, this Court's role is limited to ensuring that the ALJ applied the correct legal standards and that substantial evidence exists for the ALJ's decision.  *Stephens*, 888 F.3d at 327.  "[S]ubstantial evidence" is "evidence that 'a reasonable mind might accept as adequate to support a conclusion.'" *Zoch v. Saul*, 981 F.3d 597, 601 (7th Cir. 2020) (quoting *Biestek*, 139 S. Ct. at 1154).  "Although this Court reviews the record as a whole, it cannot substitute its own judgment for that of the SSA by reevaluating the facts, or reweighing the evidence to decide whether a claimant is in fact disabled." *Stephens*, 888 F.3d at 327.  Reviewing courts also "do not decide questions of credibility, deferring instead to the ALJ's conclusions unless 'patently wrong.'" *Zoch*, 981 F.3d at 601 (quoting *Summers v. Berryhill*, 864 F.3d 523, 528 (7th Cir. 2017)).  "[E]ven under deferential standard of review for social security disability cases, an [ALJ] must provide a logical bridge between the evidence and [the] conclusions." *Jarnutowski v. Kijakazi*, 48 F.4th 769, 773 (7th Cir. 2022) (internal quotations omitted).

The SSA applies a five-step evaluation to determine whether the claimant is disabled. *Stephens*, 888 F.3d at 327 (citing 20 C.F.R. § 404.1520(a)(4); 20 C.F.R. § 416.920(a)(4)). The ALJ must evaluate the following, in sequence:

> whether the claimant is currently [un]employed; (2) whether the claimant has a severe impairment; (3) whether the claimant's impairment meets or equals one of the impairments listed by the [Commissioner]; (4) whether the claimant can perform her past work; and (5) whether the claimant is capable of performing work in the national economy.

*Clifford v. Apfel*, 227 F.3d 863, 868 (7th Cir. 2000), *as amended* (Dec. 13, 2000) (citations omitted). "If a claimant satisfies steps one, two, and three, she will automatically be found disabled. If a claimant satisfies steps one and two, but not three, then she must satisfy step four. Once step four is satisfied, the burden shifts to the SSA to establish that the claimant is capable of performing work in the national economy." *Knight v. Chater*, 55 F.3d 309, 313 (7th Cir. 1995).

After Step Three, but before Step Four, the ALJ must determine a claimant's residual functional capacity ("RFC") by evaluating "all limitations that arise from medically determinable impairments, even those that are not severe." *Villano v. Astrue*, 556 F.3d 558, 563 (7th Cir. 2009). In doing so, the ALJ "may not dismiss a line of evidence contrary to the ruling." *Id*. The ALJ uses the RFC at Step Four to determine whether the claimant can perform her own past relevant work and if not, at Step Five to determine whether the claimant can perform other work. *See* 20 C.F.R. § 404.1520(a)(4)(iv), (v).

If the ALJ committed no legal error and substantial evidence exists to support the ALJ's decision, the Court must affirm the denial of benefits. *Stephens*, 888 F.3d at 327. When an ALJ's decision does not apply the correct legal standard, a remand for further proceedings is usually the appropriate remedy. *Karr v. Saul*, 989 F.3d 508, 513 (7th Cir. 2021). Typically, a remand is also

appropriate when the decision is not supported by substantial evidence. *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 355 (7th Cir. 2005).

## II. RELEVANT BACKGROUND[2]

Annette was 50 years old on the amended alleged onset date. [Dkt. 10-2 at 31.] She worked as a nurse for thirteen years from June 2004 until December 2017. [Dkt. 10-6 at 29-30.]

The ALJ followed the five-step evaluation set forth by the SSA in 20 C.F.R. § 404.1520(a)(4) and concluded that Annette was not disabled. Specifically, the ALJ found as follows:

- At Step One, Annette has not engaged in substantial gainful activity since July 7, 2021, which is the amended alleged onset date. [Dkt. 10-2 at 23.]

- At Step Two, Annette has the following severe impairments: disorders of the skeletal spine, osteoarthritis of the hips, disorders of the right foot including a foot drop and osteoarthritis, and diabetes mellitus. [*Id.*]

- At Step Three, Annette does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. [*Id.* at 26.]

- After Step Three but before Step Four, Annette has the RFC to "perform light work as defined in 20 CFR 404.1567(b) except: She can occasionally climb ramps, stairs, ladders, ropes, and scaffolds. She can occasionally balance, stoop, kneel, crouch, and crawl. She must avoid concentrated exposure to extreme cold, wetness, vibration, and unprotected heights." [*Id.*]

- At Step Four, Annette is unable to perform any past relevant work. [*Id.* at 30.]

- At Step Five, relying on testimony from the vocational expert ("VE"), and considering Annette's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that the claimant can perform. [*Id.* at 31.]

---

[2] The relevant evidence of record is set forth in the Parties' briefs and need not be repeated here. Specific facts relevant to the disposition of this case are discussed below as necessary.

### III. DISCUSSION[3]

Annette raises three issues for the Court's review: (1) whether the ALJ erred in finding Dr. Evans's opinion unpersuasive; (2) whether the ALJ improperly relied on her own lay interpretation of the medical evidence and failed to account for Annette's foot drop in assessing her RFC; and (3) whether the ALJ erred when she found the third-party statement of Mr. Monroe only "partially persuasive" but failed to say which parts were persuasive and which were not persuasive. The Court will address the issues as necessary to resolve the appeal, beginning with the first issue because the Court finds it to be dispositive and requires remand.

#### A. The ALJ's Evaluation of Dr. Evans's Opinion

Annette argues that the ALJ failed to consider the supportability of Dr. Evans's opinion as required by 20 C.F.R. § 404.1520c(a) before erroneously finding Dr. Evans's opinion unpersuasive. [Dkt. 12 at 18.] By only considering "the consistency of the opinion with other evidence" and failing to separately consider the supportability of Dr. Evans's opinion, Annette argues that the ALJ committed reversible error by discounting Dr. Evans's opinion. [*Id.* (emphasis removed).]

The Commissioner argues that Annette misconstrues Dr. Evans's opinion, adding the word "only" to his determination that Annette could work a simple work routine. [Dkt. 14 at 7.] The Commissioner also argues that Annette is unable to cite to any evidence from the medical record that contradicts the ALJ's decision. [*Id.* at 8.] According to the Commissioner, Annette only points

---

[3] After the briefing was complete, the Commissioner filed a Notice of Supplemental Authority. [Dkt. 15 (attaching *Warnell v. O'Malley*, 97 F.4th 1050 (7th Cir. 2024)).] The entirety of the key part of the Commissioner's notice states that "[t]he *Warnell* decision is a pertinent and significant authority relevant to an issue raised in this case." [Dkt. 15.] The Commissioner's notice does not include even a cursory indication of which argument it pertains to, and the Court will not speculate or address it further. *United States v. Berkowitz*, 927 F.2d 1376, 1384 (7th Cir. 1991) ("We repeatedly have made it clear that perfunctory and underdeveloped arguments . . . are waived."); *see also Pike v. Colvin*, 2015 WL 6756264, at *3 (N.D. Ill. Nov. 5, 2015) (stating perfunctory and underdeveloped arguments in social security appeals are waived).

to her own "subjective allegations" and general "symptomatology" and fails to indicate documented evidence of these limitations. [*Id.* at 9.] The Commissioner further argues that Annette fails to demonstrate how Dr. Evans's opinion supports the notion that Annette was limited to a simple work routine and low stress work. [*Id.* at 7.] The Commissioner then lists medical evidence presented in Dr. Evans's report including Annette's intelligence—which fell into an "average range"—her coherence in thought, and her ability to do basic math with one error. [*Id.* at 7-8.] The Commissioner concludes that "[t]hese observations do not support a limitation to either a simple work routine or a low stress work environment and [Annette] fails to attempt to show otherwise." [*Id.* at 8.] The Commissioner also argues that "even if [Annette] were limited to simple work," any error in evaluating Dr. Evans's opinion would be harmless because "all three of the jobs cited by the VE, and relied upon by the ALJ are unskilled jobs." [*Id.*]

According to 20 C.F.R. § 404.1520c, in evaluating a medical opinion's persuasiveness, the ALJ may consider the following factors: supportability, consistency, relationship with the claimant, specialization, and other factors. 20 C.F.R. § 404.1520c(c). The "most important factors" are supportability and consistency, and the ALJ must "explain how" she considered each of these two factors. 20 C.F.R. § 404.1520c(b)(2). "The supportability factor focuses on what the source brought forth to support his or her findings." *Stevens v. Kijakai*, 2022 WL 1000598, at *6 (E.D. Wis. Apr. 4, 2022). "The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) . . . the more persuasive the medical opinion(s) . . . will be." 20 C.F.R. § 404.1520c(c)(1). Consistency, in contrast, "compares the source's findings to evidence from other sources." *Stevens*, 2022 WL 1000598, at *6. "The more consistent a medical opinion(s) . . . is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s)

6

. . will be." 20 C.F.R. § 404.1520c(c)(2).  Failure to consider both supportability and consistency requires remand.  *Kendra T.-G. v. Kijakazi*, 2022 WL 4376386 (S.D. Ind. Sept. 21, 2022); *Tammy M. v. Saul*, 2021 WL 2451907 (N.D. Ind. June 16, 2021).

After analyzing the ALJ's opinion and the record, the Court agrees with Annette that the ALJ did not consider supportability in analyzing the persuasiveness of Dr. Evans's opinion.  The ALJ's brief analysis of Dr. Evans's opinion is not sufficient for these purposes.  [Dkt. 10-2 at 30.] Specifically, the ALJ summarized Dr. Evans's final findings but failed to provide any analysis on how Dr. Evans's supported his findings.  The ALJ also did not "explain how" she considered supportability. The ALJ notes that Annette's "conservative treatment with her primary care provider . . . do[es] not support Dr. Evan[s]'s opinion." [*Id.*]  Although the ALJ uses the word "support," this statement merely analyzes the "consistency" of Dr. Evans's opinion to the evidence from Annette's primary care provider and does not address the factor of "supportability" as those terms are used in 20 C.F.R. § 404.1520c.  As in *Stevens*, the ALJ in this case "did not mention the objective evidence or supporting explanations" of Dr. Evans, "nor did [she] explain how [s]he considered the evidence or explanations in relation to the persuasiveness of their findings, as required by [20 C.F.R.] § 404.1520c(b)(2)."  *Stevens*, 2022 WL 1000598*,* at *6.  Furthermore, while the ALJ need not address every piece of evidence when evaluating supportability, an "oversimplified and conclusory statement" like the boilerplate statement provided by the ALJ in evaluating Dr. Evans's opinion "prevents the Court from being able to conduct a meaningful review" and requires reversal.  *Michelle E. v. Kijakazi*, 2022 WL 4480377, at *5 (S.D. Ind. 2022). The Commissioner does not contest Annette's argument that the ALJ failed to consider supportability, and the Court construes silence on this point as a concession.  *Milam v. Dominick's Finer Foods, Inc.*, 567 F.3d 830, 832 (7th Cir. 2009) (interpreting "plaintiffs' silence in their

7

response as acknowledgment"); *Midwest Generation EME, LLC v. Continuum Chem. Corp.*, 768 F. Supp. 2d 939, 950 (N.D. Ill. 2010) (finding that "failure to respond to an opposing party's argument implies concession").

Despite the Commissioner's contrary position, the Court does not interpret Annette's argument as a request to reweigh the evidence. Instead, the Court understands and agrees with Annette's argument that the ALJ committed an error of law by failing to consider the mandatory factor of supportability under 20 C.F.R. § 404.1520c before finding Dr. Evans's opinion unpersuasive. *See Craig R. v. O'Malley*, 2024 WL 1363664, at *3 (N.D. Ill. Mar. 29, 2024) ("The Commissioner does not explain how the ALJ's summary of the evidence substitutes for an analysis of the supportability of [the medical] opinion. Recall that supportability focuses on the supporting explanations presented by a medical source. Nowhere in the record did the ALJ discuss the supporting explanations offered by [the examiner] or how those explanations supported [the examiner's] recommendation of a light RFC. ").

The Court finds that the ALJ's error in evaluating Dr. Evans's opinion requires remand because Dr. Evans placed limitations on Annette's ability to tolerate stress that the ALJ did not incorporate into Annette's RFC. While an ALJ need not use any "magic words" when formulating a claimant's RFC, *Crump v. Saul*, 932 F.3d 567, 570 (7th Cir. 2019), "both the hypothetical posed to the VE and the ALJ's RFC assessment must incorporate all of the claimant's symptoms supported by the medical record[,]" *Yurt v. Colvin*, 758 F.3d 850, 857 (7th Cir. 2014). Failing to incorporate stress limitations that were assessed by a medical expert into the RFC requires remand. *See*, *e.g.*, *DeCamp v. Berryhill*, 916 F.3d 671, 675 (7th Cir. 2019). Here, the ALJ rejected Annette's additional stress limitation based on the improper evaluation of Dr. Evans's expert medical opinion. The Court cannot say with certainty that the outcome would have been the same had the ALJ

8

complied with SSA regulations requiring her to evaluate Dr. Evans's medical opinion for supportability; thus, the Court declines to find this error harmless.[4]

The Court is unpersuaded by the Commissioner's argument that Annette is unable to cite any evidence in the record that contradicts the ALJ's decision. Annette points to the opinion of Dr. Evans, which is in the record, as evidence of her stress limitation. [*See, e.g.*, dkt. 12 at 17.] As mentioned above, Dr. Evans's opinion contradicts the ALJ's assessment of Annette's RFC because he included an additional limitation on her ability to manage stress. Similarly unavailing is the Commissioner's argument that Annette relies only her own subjective symptoms as evidence of her work limitations. Again, Annette relies on Dr. Evans's expert opinion to support her additional work limitations. Courts recognize the "unique nature of mental impairments, the severity of which are not easily measured through traditional tests." *Hood v. Berryhill*, 2018 U.S. Dist. 40765, at *11 (S.D. Ind. Mar. 13, 2018). The Seventh Circuit Court of Appeals has acknowledged that evaluations by psychologists and psychiatrists in social security cases "often involve[s] little more than analyzing self-reported symptoms," *Ziegler v. Astrue*, 336 Fed. Appx. 563, 569 (7th Cir. 2009); *Adaire v. Colvin*, 778 F.3d 685, 688 (7th Cir. 2015), and the United States Supreme Court has held that psychologists and psychiatrists assess limitations based on "medical impressions

---

[4] The Parties dispute whether Dr. Evans's opinion includes an additional limitation restricting her to "simple work." Because it is undisputed that Dr. Evans's expert opinion explicitly includes a limitation on Annette's ability to manage stress, the Court need not resolve the Parties' dispute on whether it also limited Annette to simple work. The ALJ should order Dr. Evans to clarify any findings that are deficient before discounting them outright. *See Paul v. Berryhill*, 760 F. App'x 460, 464, (7th Cir. 2019) ("[I]f the ALJ believed that [the consultative examiner's] opinion was deficient, the ALJ should have sought additional clarification from [the consultative examiner] before discounting it outright.") (citing 20 C.F.R. § 416.919p(b) ("If the report is inadequate or incomplete, we [the SSA] will contact the medical source who performed the consultative examination, give an explanation of our evidentiary needs, and ask that the medical source furnish the missing information or prepare a revised report.")).

drawn from subjective analysis and filtered through the experience of the diagnostician." *Medina v. California*, 505 U.S. 437, 451 (1992) (internal cites omitted).

The Court is unpersuaded by the Commissioner's arguments that Annette's intelligence, coherence of thought, and performance on simple math tests do not support Dr. Evans's medical opinion. The ALJ did not base her evaluation of Dr. Evans's opinion on these grounds, and the Commissioner's attempt to justify the ALJ's decision with *post hoc* rationalizations is improper and contravenes well-established binding precedent. *See Smith v. Astrue*, 467 F. App'x 507, 510-11 (7th Cir. 2012) (rejecting the Commissioner's "post hoc rationalization" of the ALJ's RFC analysis because "'what matters are the reasons articulated *by the ALJ*,' not the rationale advanced by the government on appeal") (original emphasis) (quoting *SEC v. Chenery Corporation*, 318 U.S. 80, 87-88 (1943)). The ALJ may consider this evidence in her revaluation on remand, but these rationalizations by the Commissioner at this stage does not cure the underlying error.

Finally, the Commissioner argues that even if the ALJ had incorporated the limitations assessed by Dr. Evans into the RFC, the outcome would be the same because all the jobs listed by the vocational expert were "unskilled jobs" and thus Annette is unable to demonstrate reversible error. [Dkt. 14 at 8.] However, SSR 85-15 makes clear that a job's skill level and stress level are distinct concepts: "Because response to the demands of work is highly individualized, the skill level of a position is not necessarily related to the difficulty an individual will have in meeting the demands of the job. A claimant's condition may make performance of an unskilled job as difficult as an objectively more demanding job."

In sum, the Court concludes that the ALJ did not consider supportability of Dr. Evans's opinion as required by 20 C.F.R. § 404.1520c(c). This amounts to reversible error, since Dr.

Evans's determination of Annette's limitations was not incorporated into her RFC as required by case law cited herein. Accordingly, the Court finds that remand is appropriate.

### B.  Other Arguments

Having found that remand is necessary for the reasons detailed above, the Court declines to substantively address Annette's remaining arguments, other than to the extent it already has in addressing various issues discussed above.

### IV.  CONCLUSION

For the reasons explained above, the Court **REVERSES** the Commissioner's decision denying Annette benefits and **REMANDS** this case to the Social Security Administration for additional proceedings. Final judgment shall issue accordingly.

**SO ORDERED.**

Date: 9/19/2024

Kellie M. Barr
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email